THE RIVERVIEW CEMETERY COMPANY *vs.* TURNER and wife and others.

1. In a suit for partition this court will not try the question of illegitimacy, on which the complainant's title is alleged to depend, nor direct an issue to be framed that it may be tried at law.

2. If in a suit for partition the complainant's title is denied, and the title which is disputed is a legal one, the court may dismiss the bill, or it may, *ex gratia*, retain the cause, to afford the complainant an opportunity to settle his title at law. It will not do more.

*Mr. J. S. Aitkin,* for complainants.

*Mr. Alfred Reed* and *Mr. M. Beasley, Jr.,* for defendants.

THE CHANCELLOR.

The bill in this cause is filed for partition of land and an account of the rents. The complainants claim to be the owners of an undivided half of the premises, and allege that the defendant, Mrs. Turner, is the owner of the other half. The answer absolutely denies the complainants' title to any interest whatever in the land, and, with all the particularity necessary, sets up the claim of Mrs. Turner to the ownership of the whole. The question presented by the answer—that on which the title of the complainants depends—is one of illegitimacy. The complainants ask that the court will either try that question, or direct that an issue be framed, in order that it may be tried at law. The court will not do either. It is prohibited by statute from trying this particular question, and if it were not so, its settled practice forbids. If in a suit for partition the complainant's title is denied, and the title which is disputed is a legal one, the court may dismiss the bill, or it may, *ex gratia*, retain the cause, to afford the complainant an opportunity to settle his title at law. But it will not do more. I will hold this suit, in order that the complainants may, without unreasonable delay, try their title at law, and will leave the cause open, with privilege for either party to apply for further order.